UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────────────

RASHAD SALAAM,

                           Plaintiff,

          v.                                          9:19-CV-0689
                                                    (BKS/TWD)

STATE OF NEW YORK DEPARTMENT
OF CORRECTIONS AND COMMUNITY
SUPERVISION, et al.,

                           Defendants.
───────────────────────────────────────

APPEARANCES:

RASHAD SALAAM
14-A-3363
Plaintiff, pro se
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929

BRENDA K. SANNES
United States District Judge

## DECISION AND ORDER

## I. INTRODUCTION

The Clerk has sent to the Court a civil rights complaint filed by pro se plaintiff Rashad Salaam pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP"), and a motion for appointment of counsel. Dkt. No. 1 ("Compl."); Dkt. No. 8 ("Motion for Counsel"); Dkt. No. 11 ("IFP Application").[1] Plaintiff is

---

[1] Plaintiff filed his complaint in the Eastern District of New York. *See* Compl. After this action was transferred to this District, it was administratively closed based on plaintiff's failure to comply with the filing fee requirements. Dkt. No. 7. Plaintiff then filed his IFP Application, and the action was re-opened. Dkt. Nos. 11, 12.

currently incarcerated at Clinton Correctional Facility and has not paid the filing fee for this action.

## II. IFP APPLICATION

Upon review, the Court finds that plaintiff has submitted a completed and signed IFP Application (Dkt. No. 11) which demonstrates economic need. *See* 28 U.S.C. § 1915(a)(2). Plaintiff has also filed the inmate authorization form required in this District. Dkt. No. 3. Accordingly, plaintiff's IFP Application is granted.

## III. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

Section 1915(e) directs that, when a plaintiff seeks to proceed in forma pauperis, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[2] Thus, even if a plaintiff meets the financial criteria to commence an action in forma pauperis, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action in forma pauperis. *See id*.

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim

---

[2] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

2

upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner pro se complaints).

In reviewing a pro se complaint, the court has a duty to show liberality toward pro se litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting

3

Fed. R. Civ. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant- unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (internal quotation marks and alterations omitted).

### B. Summary of the Complaint

Plaintiff asserts allegations of wrongdoing while he was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Auburn Correctional Facility ("Auburn C.F."). *See generally* Compl. Plaintiff names DOCCS and Jason Williams, an inmate in the custody of DOCCS, as defendants. Compl. at 1-2. The following facts are set forth as alleged by plaintiff in his complaint.

In July 2017, defendant Jason Williams entered plaintiff's cell holding "a medium shank" and directed plaintiff to "take [his] pants off[.]" Compl. at 4. Plaintiff complied, and inmate Williams then sexually assaulted him. *Id*.

"[D]ays later, while plaintiff was walking to his cell, inmate Williams "approached [him] from behind with a razor shank" and cut his face. Compl. at 4. Plaintiff ran to his cell, and inmate Williams chased after him. *Id*. Upon entering plaintiff's cell, inmate Williams "sliced [plaintiff's] arm[.]" *Id*. Plaintiff responded by throwing "items" at inmate Williams, who then left plaintiff's cell. *Id*. Unidentified corrections officials were witnesses but "did not say anything[,]" and plaintiff "had to tell them about the cutting." *Id*.

Following the second attack by inmate Williams, plaintiff was escorted to the infirmary, where he received treatment for cuts on his face and right arm. Compl. at 4.

Construed liberally, the complaint asserts an Eighth Amendment failure-to-protect

4

claim against DOCCS and an assault claim against defendant inmate Williams.[3] Plaintiff seeks monetary and injunctive relief. Compl. at 5. For a complete statement of plaintiff's claims, reference is made to the complaint.

**C.     Analysis**

Plaintiff seeks relief pursuant to Section 1983, which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990)); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (finding that "[Section] 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights"). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted).

**1. DOCCS**

The Eleventh Amendment bars federal court claims against states, absent their consent to such suit or an express statutory waiver of immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989);[4] *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-100 (1984). State immunity extends not only to the states, but also to state agencies. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf,* 506 U.S. 139, 142-47 (1993); *McGinty v. New York,* 251 F.3d 84, 95 (2d Cir. 2001) ("The Eleventh Amendment extends immunity not only to a state, but also to entities considered 'arms of the state.'");

---

[3] Plaintiff has not named any of the officials who allegedly witnessed this event as defendants. The Court therefore declines to analyze the sufficiency of plaintiff's allegations against these non-parties.

[4] The Supreme Court has held that "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity." *Will*, 491 U.S. at 66.

*Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 414 (2d Cir. 1999) ("An official arm of the state enjoys the same Eleventh Amendment immunity from suit in federal court as is enjoyed by the state itself."); *Rivera v. Goord*, 119 F. Supp. 2d 327, 336 (S.D.N.Y. 2000) (defendant correctional facility is immune from suit since it is a branch of a state agency). Thus, plaintiff's claims against DOCCS fail because it is an arm of New York State. *See Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002) (affirming dismissal of Section 1983 claims against DOCCS on 11th Amendment grounds); *Jones v. New York State Division of Military and Naval Affairs*, 166 F.3d 45, 49 (2d Cir. 1999) (the Eleventh Amendment bars Section 1983 suits against state agencies).

Accordingly, the New York State Department of Corrections and Community Supervision, and all claims against it, are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 2. Inmate Jason Williams

In order to maintain a Section 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994); *see also Rounseville v. Zahl*, 13 F.3d 625 (2d Cir. 1994) (noting state action requirement under Section 1983). State action is an essential element of any Section 1983 claim. *See Gentile v. Republic Tobacco Co.*, No. 6:95-CV-1500 (RSP/DNH), 1995 WL 743719, at *2 (N.D.N.Y. Dec. 6, 1995) (citing *Velaire v. City of Schenectady*, 862 F. Supp. 774, 776 (N.D.N.Y. 1994) (McAvoy, C.J.)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id*.

Plaintiff has not alleged any nexus between the State of New York and the alleged wrongdoing by defendant Williams, nor has he alleged any facts which plausibly suggest that defendant Williams violated his constitutional rights, or any of his rights under Federal law.

Thus, defendant Williams and all claims against him are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### D. Dismissal with Leave to Amend

The Court recognizes that plaintiff is proceeding pro se and that this requires the Court to treat his pleadings with a certain degree of liberality. Despite this, the complaint is wholly insufficient to state any plausible claim for relief or to allow a proper defendant to make a reasonable response. As a result, and for the reasons set forth above, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

In light of plaintiff's pro se status, the Court will afford him an opportunity to file an amended complaint if he wishes to avoid dismissal of this action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). In any amended complaint that plaintiff submits in response to this Decision and Order, he must set forth a short and plain statement of the facts on which he relies to support his claim that the individuals named as defendants engaged in misconduct or wrongdoing that violated his constitutional rights. Any amended complaint filed by plaintiff must bear his original signature, and must be a complete pleading which will supersede and replace the original complaint in its entirety. Plaintiff must name one or more defendants, and must set forth a short and plain statement of the facts he relies on in support of his claim that the defendants violated his statutory or constitutional rights.

7

While it is not improper for a plaintiff to identify a defendant only as "John/Jane Doe" at the outset of litigation, a complaint must nevertheless set forth factual allegations regarding the actions taken by each Doe defendant which plaintiff relies on in support of his claim that the defendant was personally involved in conduct violative of his statutory or constitutional rights.

Plaintiff is forewarned that, if he fails to submit an amended complaint within thirty (30) days of the filing date of this Decision and Order, the Court will, without further order, dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

## IV. MOTION FOR COUNSEL

Based on the Court's decision preliminarily dismissing the complaint, plaintiff's Motion for Counsel is denied as moot. In the event that plaintiff files an amended complaint in compliance with this Decision and Order, he may renew his motion for counsel.

## V. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's IFP Application (Dkt. No. 11) is **GRANTED**.[5] The Clerk shall provide the superintendent of the facility, designated by plaintiff as his current location, with a copy of plaintiff's authorization form (Dkt. No. 3), and notify the official that this action has been filed and that plaintiff is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915;[6] and it is further

---

[5] Although his IFP Application has been granted, plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

[6] "28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010). "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Id.* (citing 28 U.S.C. § 1915(b) and *Harris v. City of New York*, 607 F.3d

8

**ORDERED** that the Clerk shall provide a copy of plaintiff's authorization form (Dkt. No. 3) to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED** that the New York State Department of Corrections and Community Supervision, and all claims against it, are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted and because DOCCS is entitled to Eleventh Amendment immunity;[7] and it is further

**ORDERED** that plaintiff's Motion for Counsel (Dkt. No. 8) is **DENIED as moot** with leave to renew in the event plaintiff files an amended complaint; and it is further

**ORDERED** that if plaintiff wishes to proceed with this action, he must file an amended complaint as directed above **within thirty (30) days** from the filing date of this Decision and Order; and it is further

**ORDERED** that, if plaintiff timely files an amended complaint, this matter be returned to the Court for further review; and it is further

**ORDERED** that if plaintiff fails to timely file an amended complaint as directed above, the Clerk shall enter judgment indicating that this action is **DISMISSED without prejudice** without further order of this Court pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. In that event, the Clerk is directed to close this case; and it is further

---

18, 21 (2d Cir. 2010)).

[7] Generally, when a district court dismisses a pro se action sua sponte, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Pucci v. Brown*, 423 Fed. App'x 77, 78 (2d Cir. 2011).

9

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action**; and it is further

**ORDERED** that the Clerk of the Court shall provide plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: September 16, 2019
      Syracuse, NY

*/s/ Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge