UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RASHAD SALAAM,

                        Plaintiff,

      v.                                                      9:19-CV-0689 (BKS/TWD)

OFFICER JOHN DOE,

                        Defendant.

---

APPEARANCES:

RASHAD SALAAM
14-A-3363
Plaintiff, pro se
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929

BRENDA K. SANNES
United States District Judge

## DECISION AND ORDER

## I.    INTRODUCTION

Plaintiff Rashad Salaam commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application for leave to proceed in forma pauperis, and a motion for appointment of counsel. Dkt. No. 1 ("Compl."); Dkt. No. 8 ("Motion for Counsel"); Dkt. No. 11 ("IFP Application").[1] By Decision and Order of this Court filed September 16, 2019, plaintiff's IFP Application was granted, but following

---

[1] Plaintiff filed his complaint in the Eastern District of New York. *See* Compl. After this action was transferred to this District, it was administratively closed based on plaintiff's failure to comply with the filing fee requirements. Dkt. No. 7. Plaintiff then filed his IFP Application, and the action was re-opened. Dkt. Nos. 11, 12.

review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court found that the complaint was subject to dismissal for failure to state a claim upon which relief may be granted. Dkt. No. 15 ("September 2019 Order"). In light of his pro se status, plaintiff was afforded an opportunity to submit an amended complaint. *Id*. at 7-9. Presently before this Court is plaintiff's amended complaint and letter request for Court assistance regarding who to name as a defendant with respect to the claim(s) asserted in the amended complaint. Dkt. No. 16 ("Am. Compl."); Dkt. No. 17 ("Letter Motion").[2]

## II.  SUFFICIENCY OF THE AMENDED COMPLAINT

### A.  The Complaint and September 2019 Order

In his original complaint, plaintiff asserted claims against the New York State Department of Corrections and Community Supervision ("DOCCS") and an inmate in DOCCS' custody named Jason Williams based on alleged wrongdoing that occurred while plaintiff was incarcerated at Auburn Correctional Facility ("Auburn C.F."). *See generally* Compl. More specifically, plaintiff alleged that he was sexually assaulted by inmate Williams in July 2017, and days later was physically assaulted by this same person while unidentified corrections officials watched. *Id*. at 4.

The complaint was construed to assert an Eighth Amendment failure-to-protect claim against DOCCS and an assault claim against inmate Williams. *See* September 2019 Order at 4-5.

Following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), plaintiff's claim against DOCCS was dismissed with prejudice as barred

---

[2] Plaintiff has also filed a letter clarifying his intention to name the State of New York and one or more "John Doe" corrections officers as defendants. *See* Dkt. No. 18 ("Supplemental Letter").

2

by the Eleventh Amendment and his claim against inmate Williams was dismissed without prejudice for failure to state a claim upon which relief may be granted. *See* September 2019 Order at 5-7, 9.

**B.   Review of the Amended Complaint**

Because plaintiff is proceeding in forma pauperis and is an inmate suing one or more government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the September 2019 Order and it will not be restated in this Decision and Order. *See* September 2019 Order at 2-4.

Plaintiff's amended complaint contains new allegations regarding alleged wrongdoing that occurred while he was incarcerated at Auburn C.F. in July 2017. *See* Am. Compl. at 1-3. Liberally construed, the amended complaint names "Officer John Doe" and the State of New York as defendants. *See id.*[3] The following facts are set forth as alleged by plaintiff in his amended complaint.

Following plaintiff's arrival at Auburn C.F., he was "harassed by porters and [his] property was stolen[,]" leaving him with "hardly . . . anything" in his possession. Am. Compl.

---

[3] The amended complaint does not contain a caption or "parties" section in which Officer John Doe is identified as a defendant. *See generally*, Am. Compl. In addition, plaintiff does not refer to Officer John Doe as a defendant in the body of the complaint. Rule 10(a) of the Federal Rules of Civil Procedure provides that "the title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). Ordinarily, a party not named in the caption of the complaint is not a party to the action. *Abbas v. U.S.*, No. 10-CV-0141, 2014 WL 3858398, at *2 (W.D.N.Y. Aug. 1, 2014) (the failure to name a party in the caption makes it "infeasible for the Court to determine which of the individual officers mentioned in the body of the complaint should be deemed to be defendants to which claims"). However, in this case, plaintiff expressly alleges that Officer John Doe's "conduct were [sic] in fact the cause of [his] injury." Am. Compl. at 2. In addition, plaintiff's Supplemental Letter clarifies his intention to name the State of New York and "John Doe . . . officer or officers" as defendants. *See* Dkt. No. 18. Thus, the Court construes the amended complaint to name Officer John Doe and the State of New York as defendants.

at 1. At some point in mid-July 2017, inmates began "making comments about [plaintiff's] sexuality" and issuing threats. *Id.*

On or about July 22, 2017, inmate Jason Williams entered plaintiff's cell holding "a medium metal shank" and sexually assaulted him. Am. Compl. at 1. Officer John Doe failed to make rounds during the assault or otherwise intervene. *Id.*

On or about July 25, 2017, while plaintiff was "walking down the gallery to [his] cell," inmate Williams "approached [him] from behind with a razor shank and cut [his] face hard." Am. Compl. at 1. Plaintiff "ran into [his] cell," and inmate Williams ran in as well and "sliced [plaintiff's] arm." *Id.* Plaintiff "started throwing items from [his] cell at [inmate Williams, and] he left[.]" *Id.*

Officer John Doe witnessed either the attack or plaintiff's injuries immediately after, but "did not pull [the] pin or do anything" even though plaintiff was "leaking blood from [his] face and arm." Am. Compl. at 1-2. Plaintiff then "told Officer John Doe" that he was "cut[,]" and plaintiff was removed from his cell and sent him to the infirmary. *Id.* at 1-2. Thereafter, plaintiff was "sent to PC" where he was "continuously harassed about everything." *Id.* at 2.

Liberally construed, the amended complaint asserts Eighth Amendment failure-to-protect claims against the State of New York and Corrections Officer John Doe.[4] Plaintiff

---

[4] Plaintiff references the Fourteenth Amendment in his amended complaint (in addition to referencing the Eighth Amendment). *See* Am. Compl. at 3. The Court, however, does not construe the allegations in the amended complaint to assert a plausible claim under the Fourteenth Amendment. In addition, while plaintiff's Supplemental Letter express plaintiff's intent to sue "John Doe . . . officer or officers on shift th[e] day of the incident[,]" the Court does not construe the allegations in the amended complaint to assert plausible claims against multiple defendants. Indeed, the amended complaint makes no reference to multiple corrections officials being involved in the events giving rise to plaintiff's claims. While it is not inappropriate to identify an unknown individual as a "Doe" defendant, a pleading must allege facts sufficient to plausibly suggest that each "Doe" defendant was personally involved in the alleged constitutional deprivations. *See Little v. Mun. Corp.*, 51 F. Supp. 3d 473, 493-94 (S.D.N.Y. 2014) (dismissing without prejudice excessive force claim asserted against "members of the 'Special Search Team' and 'ESU Officers'" and noting that, "[t]o the extent that [plaintiff] does not know the names of the members of the Special Search Team or ESU Officers involved, he may name 'John Doe' defendants and include as much identifying information as he has knowledge of, for the purpose of filing an

4

seeks monetary and injunctive relief. Am. Compl. at 3.

For a more complete statement of plaintiff's claims, reference is made to the amended complaint.

**C.    Analysis**

**1.  Eleventh Amendment**

As noted in the September 2019 Order, New York, like DOCCS, is immune from plaintiff's Section 1983 claims. *See* September 2019 Order at 5-6; *see also Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002) ("In addition, the dismissal of Davis's [Section 1983] claims against the State of New York, the Department, and Attica, and Davis's claims for damages against all of the individual defendants in their official capacities is affirmed, because these claims are barred by the Eleventh Amendment."). Accordingly, plaintiff's Section 1983 claims against the State of New York are dismissed with prejudice because this defendant is immune from suit. *See Sanchez v. New York*, No. 9:18-CV-1488 (BKS/DJS), 2019 WL 1082066, at *4 (N.D.N.Y. Mar. 7, 2019) ("Plaintiff's claim for injunctive relief against the State of New York is dismissed as Plaintiff seeks relief from a defendant immune from

---

amended complaint, should Little chose to do so"); *Williams v. 120 PCT Undercover*, No. 11-CV-4690, 2011 WL 13128209, at *1 (E.D.N.Y. Oct. 18, 2011) (dismissing complaint without prejudice where plaintiff's claims provided information about the alleged constitutional deprivations, but were brought against "the 120 Precinct and District 9, a police precinct and district of the New York City Police Department"). "Pleadings that do not differentiate which defendant was involved in the unlawful conduct are insufficient to state a claim." *Ying Li v. City of New York*, No. 15-CV-1599, 2017 WL 1208422, at *6 (E.D.N.Y. Mar. 31, 2017); *see also Wright v. Orleans Cnty.*, No. 14-CV-0622, 2015 WL 5316410, at *13 (W.D.N.Y. Sept. 10, 2015) (noting in a Section 1983 case that "[g]roup pleading is insufficient for purposes of Rule 8(a)(2) [of the FRCP] which requires a short and plain statement of the claim showing that the pleader is entitled to relief" (citation and quotation marks omitted)); *Holmes v. Allstate Corp.*, No. 11-CV-1543, 2012 WL 627238, at *7, *22 (S.D.N.Y. Jan. 27, 2012) ("[FRCP] 8(a) is violated where a plaintiff, by engaging in 'group pleading,' fails to give each defendant fair notice of the claims against it.").

5

suit under section 1983." (citing *LeGrand v. Evan*, 702 F.2d 415, 417 (2d Cir. 1983)).[5]

### 2. Failure-to-Protect Claim

The Eighth Amendment protects prisoners from "cruel and unusual punishment" at the hands of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This includes punishments that "involve the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). The Eighth Amendment's prohibition against cruel and unusual punishment encompasses the use of excessive force against an inmate, who must prove two components: (1) subjectively, that the defendant acted wantonly and in bad faith, and (2) objectively, that the defendant's actions violated "contemporary standards of decency." *Blyden v. Mancusi*, 186 F.3d 252, 262-63 (2d Cir. 1999) (internal quotations omitted) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).[6]

"The Eighth Amendment [also] requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody." *Hayes v. New York City Dept. of Corrs.*, 84 F.3d 614, 620 (2d Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).

---

[5] In *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court established an exception to state sovereign immunity in federal actions where an individual brings an action seeking injunctive relief against a state official for an ongoing violation of law or the Constitution. Under the doctrine, a suit may proceed against a state official in his or her official capacity, notwithstanding the Eleventh Amendment, when a plaintiff, "(a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective." *See In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (quotations and citations omitted); *see also Santiago v. New York State Dep't of Corr. Serv.*, 945 F.2d 25, 32 (2d Cir. 1991) (holding that such claims, however, cannot be brought directly against the state, or a state agency, but only against state officials in their official capacities).

[6] In this regard, while "a *de minimis* use of force will rarely suffice to state a constitutional claim," *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993), the malicious use of force to cause harm constitutes an Eighth Amendment violation per se because in such an instance "contemporary standards of decency are always violated." *Blyden*, 186 F.3d at 263 (citing *Hudson*, 503 U.S. at 9). The key inquiry into a claim of excessive force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7 (citing *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986)); *see also Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973).

6

Prison officials may be held liable under Section 1983 for failing to protect an inmate from conditions posing a substantial risk of serious harm. *See Farmer*, 511 U.S. at 836. In order to establish a "failure to protect," the plaintiff must show that he was incarcerated under conditions posing a substantial risk of serious harm, and prison officials acted with deliberate indifference to that risk and the inmate's safety. *Id*. Deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

Here, liberally construed, plaintiff alleges that Officer John Doe failed to protect him from the alleged attacks that occurred on or about July 22 and July 25, 2017. *See generally*, Am. Compl.

### a. Plaintiff's Claim Based on Alleged Events from July 22, 2017

With respect to the alleged sexual assault that occurred on or about July 22, 2017, the Court notes as an initial matter that the amended complaint lacks any allegations which plausibly suggest that, before this incident, Officer John Doe was aware that plaintiff faced a substantial risk of serious harm from inmate Williams. Furthermore, plaintiff's allegations regarding Officer John Doe's perceived misconduct on this date are somewhat confusing in that he alleges both that Officer John Doe failed to make rounds immediately before or when the assault occurred, and failed to pull a "ring or pin[.]" Am. Compl. at 1.

To the extent plaintiff's claim is based on Officer John Doe's alleged failure to make rounds at a certain time, such an allegation, without more, is insufficient to support an Eighth Amendment claim. *See Fernandez v. N.Y.C. Dep't of Corr*., No. 08-CV-4294, 2010 WL

1222017, at *4 (S.D.N.Y. Mar. 29, 2010) ("Mere negligence by a prison officer does not establish a claim for 'deliberate indifference' to prisoner's safety."); *Zimmerman v. Macomber*, No. 95-CV-0882, 2001 WL 946383, at *6 (S.D.N.Y. Aug. 21, 2001) (holding that, where officer did not have knowledge of substantial risk to inmate's safety, "his failure to station himself at the officer's desk does not raise a constitutional question").

To the extent plaintiff's claim is based instead on Officer John Doe's alleged failure to sound an alarm, the amended complaint lacks any allegations regarding what, if anything, Officer John Doe witnessed, the duration of the attack, or Officer John Doe's proximity to plaintiff's cell while the attack was ongoing. Indeed, the amended complaint lacks any allegations regarding how and when, if at all, Officer John Doe became aware of the alleged sexual assault, and plaintiff's allegation that he was told by inmate Williams "not to tell" anyone about the assault, which he "did not[,]" suggests that no corrections official ever became aware of the alleged sexual assault. Thus, there is no basis for the Court to plausibly infer that Officer John Doe was aware that the alleged assault would occur, or was occurring, and had an opportunity to protect plaintiff from that harm, yet failed to do so out of deliberate indifference to plaintiff's safety. *See Farmer*, 511 U.S. at 836; *Rosen v. City of New York*, 667 F. Supp. 2d 355, 360 (S.D.N.Y. 2009) ("In the context of a failure to intervene claim, an officer displays deliberate indifference when he has adequate time to assess a serious threat against an inmate and a fair opportunity to protect the inmate without risk to himself, yet fails to intervene."); *Dean v. New York City*, No. 15-CV-8825, 2017 WL 3670036, at *4 (S.D.N.Y. July 6, 2017) (denying as futile leave to amend to add failure-to-intervene claim against corrections official where the proposed amended complaint was "devoid of any factual allegations against P.O. Myers with respect to the failure to intervene claim, such as,

8

for example, where P.O. Myers was located and what she was doing when P.O. Baksh pepper sprayed the plaintiff's face").

Accordingly, plaintiff's Eighth Amendment claim against Officer John Doe based on the alleged events that occurred on July 22, 2017, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### b. Plaintiff's Claim Based on Alleged Events from July 25, 2017

With respect to the alleged attack that occurred on or about July 25, 2017, as noted, the amended complaint lacks any allegations which plausibly suggest that any corrections official was aware, on that date, that inmate Williams sexually assaulted plaintiff a few days earlier. Thus, there is no basis for the Court to plausibly infer that Officer John Doe (or any other corrections official) was aware, prior to the alleged attack, that plaintiff was potentially at risk of serious harm from inmate Williams. *See Arroyo v. Coughlin*, No. 92-CV-0426, 1993 WL 117529, at *1 (W.D.N.Y. Apr. 13, 1993) ("An official demonstrates deliberate indifference when he has actual or constructive notice of a specific risk to an inmate's safety and fails to take steps to protect the inmate from injury.") (citing *Meriwether v. Coughlin*, 879 F.2d 1037, 1048 (2d Cir. 1989)); *see also Sims v. Bowen*, No. 9:96-CV-656 (RSP/DRH), 1998 WL 146409, at *3 (N.D.N.Y. Mar. 23, 1998) (stating that "an inmate must inform a correctional official of the basis for his belief that another inmate represents a substantial threat to his safety before the correctional official can be charged with deliberate indifference").

In addition, while plaintiff alleges that Officer John Doe failed to protect him from the attack, plaintiff's allegations are entirely vague. It is unclear, for example, whether Officer

9

John Doe allegedly witnessed the attack, or instead observed plaintiff's injuries following the attack, and failed to render emergency assistance. Of course, an alleged failure to render emergency assistance *after* an alleged inmate attack, by itself, is insufficient to state an Eighth Amendment failure-to-protect claim.[7]

Moreover, even if the Court could infer from plaintiff's allegations that Officer John Doe witnessed some aspect of the attack, the amended complaint lacks any allegations regarding (1) what Officer John Doe witnessed, including whether or not he witnessed inmate Williams allegedly cut plaintiff outside of his cell and then chase plaintiff into his cell, (2) how long the attack in plaintiff's cell lasted, or (3) where Officer John Doe was located in relation to plaintiff's cell while the attack was ongoing. In other words, even assuming Officer John Doe witnessed some aspect of the alleged attack while it was ongoing, there is no basis for the Court to plausibly infer that he could have intervened and prevented further injury to plaintiff, yet elected not to do so. *See also Cusamano v. Sobek*, 604 F. Supp. 2d 416, 429 (N.D.N.Y. 2009) (excusing an officer from liability "despite his presence, if the assault is 'sudden and brief,' such that there is no real opportunity to prevent it").

Accordingly, plaintiff's Eighth Amendment claim against Officer John Doe based on the alleged events that occurred on July 25, 2017, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

---

[7] The Court also does not construe plantiff's allegations to assert an Eighth Amendment medical indifference claim because the amended complaint lacks any allegations from which the Court could plausibly infer that plaintiff's injuries were objectively serious, and it appears from plaintiff's allegations that he suffered, at most, a delay of a few minutes between when Officer John Doe initially observed his injuries and when Officer John Doe removed him from his cell for evaluation at the infirmary. *See* Am. Compl. at 1-2.

## IV. LETTER MOTION

Plaintiff's Letter Motion asks the Court to advise him "who [he is] supposed to sue in [his] suit." *See* Letter Motion at 1. It is not the role of a court to provide a litigant with legal advice. Accordingly, plaintiff's Letter Motion is denied.[8]

## V. CONDITIONAL DISMISSAL WITH LEAVE TO AMEND

Based upon the foregoing, the Court finds that the amended complaint fails to state one or more claims upon which relief may be granted by this Court. The Court, however, is mindful that plaintiff's claim(s) against Officer John Doe were asserted for the first time in his amended complaint. In light of this, and plaintiff's pro se status, the Court will afford plaintiff a final opportunity to file an amended complaint not inconsistent with this decision. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). Any amended complaint filed by plaintiff must bear his original signature, and must be a complete pleading which will supersede and replace the operative pleading in its entirety. Plaintiff must name one or more defendants, and must set forth a short and plain statement of the facts he relies on in support of his claim that the individual named as a defendant engaged in misconduct or wrongdoing that violated plaintiff's constitutional rights. While it is not improper for a plaintiff to identify a defendant only as "John/Jane Doe" at the outset of litigation, a pleading must nevertheless set forth factual allegations regarding the actions taken by each Doe defendant which plaintiff relies on in support of his claim that the defendant was personally involved in conduct that violated his constitutional rights.

Plaintiff is forewarned that, if he fails to submit a second amended complaint within

---

[8] However, as noted above, and in the September 2019 Order, neither the State of New York, nor DOCCS, are proper defendants in a Section 1983 action for money damages.

11

thirty (30) days of the filing date of this Decision and Order, the Court will, without further order, dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

## VI. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk shall add the State of New York and Officer John Doe, Auburn Correctional Facility, as defendants; and it is further

**ORDERED** that the State of New York, and all claims against it, are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted because New York is entitled to Eleventh Amendment immunity;[9] and it is further

**ORDERED** that plaintiff's Eighth Amendment claim for damages against Officer John Doe is **conditionally DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b); and it is further

**ORDERED** that if plaintiff wishes to proceed with this action, he must file a second amended complaint as directed above within thirty (30) days from the filing date of this Decision and Order; and it is further

**ORDERED** that, if plaintiff timely files a second amended complaint, this matter be returned to the Court for further review; and it is further

**ORDERED** that if plaintiff fails to timely file a second amended complaint as directed

---

[9] Generally, when a district court dismisses a pro se action sua sponte, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Pucci v. Brown*, 423 Fed. App'x 77, 78 (2d Cir. 2011).

above, the Clerk shall enter judgment indicating that this action is **DISMISSED without prejudice** without further order of this Court pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. In that event, the Clerk is directed to close this case; and it is further

**ORDERED** that plaintiff's Letter Motion (Dkt. No. 17) is **DENIED**; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court. **Plaintiff is also required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do so may result in the dismissal of this action**; and it is further

**ORDERED** that the Clerk of the Court shall provide plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: October 28, 2019
       Syracuse, NY

Brenda K. Sannes
U.S. District Judge

13