UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RASHAD SALAAM,

                              Plaintiff,                9:19-cv-689 (BKS/TWD)

v.

GORDON STOCK, et al,

                              Defendants.

---

**Appearances:**

*Plaintiff pro se:*
Rashad Salaam
14-A-3363
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929

*For Defendants:*
Letitia James
Attorney General of the State of New York
Lauren Rose Eversley
Assistant Attorney General
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, United States District Judge:**

MEMORANDUM-DECISION AND ORDER

      Plaintiff pro se Rashad Salaam brought this action under 42 U.S.C. § 1983 asserting claims against Defendants Gordon Stock and Evan Vianese arising out of Plaintiff's incarceration at Auburn Correctional Facility. (Dkt. No. 34). On September 2, 2020, Defendants filed a motion for summary judgment under Fed. R. Civ. P. 56 on the grounds that Plaintiff failed to exhaust his administrative remedies prior to commencing this action. (Dkt. No. 53). Plaintiff filed a response in opposition to the motion, (Dkt. No. 56), to which Defendants replied, (Dkt.

No. 64). This matter was assigned to United States Magistrate Judge Thérèse Wiley Dancks who, on May 12, 2021, issued a Report-Recommendation recommending that Defendants' motion for summary judgment be denied. (Dkt. No. 72). Magistrate Judge Dancks concluded that "Defendants have failed to adequately demonstrate Plaintiff failed to exhaust administrative remedies before filing suit in federal court," and therefore recommended that Defendants' motion be denied "with leave to renew after discovery has concluded." (Dkt. No. 72, at 11). Magistrate Judge Dancks advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections to the report, and that the failure to object to the report within fourteen days would preclude appellate review. (Dkt. No. 72, at 12). Defendants did not file any objections. On May 20, 2021, Plaintiff filed an objection. (Dkt. No. 73). For the reasons set forth below, the Report-Recommendation is adopted in its entirety.

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation

2

omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*.

Here, Plaintiff objects that the Report-Recommendation "states that I haven't filed a grievance with the prison when I've filed over (3), and a copy of one of them I sent to the courts." (Dkt. No. 73). Plaintiff "enclosed another copy" of one of the grievances. (*Id.* at 2). Plaintiff's objection is without merit. Magistrate Judge Dancks recognized that Plaintiff "asserts that he has filed several grievances related to these incidents." (Dkt. No. 72, at 3). And the Report-Recommendation correctly notes that, in response to the motion for summary judgment, Plaintiff did not provide evidence "substantiating his claims that he filed these supposed grievances besides a letter to Prisoner Legal Services of New York and medical records that tend to support he was injured on the relevant date." (*Id.* at 10). Magistrate Judge Dancks nevertheless recommended giving Plaintiff "the benefit of the doubt and denying Defendant's motion at this time so that the parties can conduct discovery on this issue." (*Id*.). Thus, Plaintiff will have an opportunity to provide in discovery all information he has regarding grievances filed. Having reviewed the remainder of the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation in its entirety.

For these reasons, it is hereby

**ORDERED** that the Report-Recommendation (Dkt. No. 72) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 53) is **DENIED** with leave to renew after discovery is completed; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 24, 2021
Syracuse, New York

Brenda K. Sannes
U.S. District Judge